IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

KATHRYN L. RUTENSCHROER,      )   CIV. NO. 05-00364 ACK/BMK
                              )
          Plaintiff,          )
                              )
     v.                       )
                              )
STARR SEIGLE COMMUNICATIONS,  )
Incorporated dba QMARK,       )
                              )
          Defendant.          )
_____)


**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
PARTIAL DISMISSAL AND POSTPONING THE RULINGS ON DEFENDANT'S
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**


**PROCEDURAL BACKGROUND**

Kathryn L. Rutenschroer ("Plaintiff"), proceeding pro

se, alleges that she suffered employment discrimination as an

employee of Starr Seigle Communications, Inc. dba QMark

(hereafter "Starr Seigle" or "Defendant") in violation of Title

VII of the Civil Rights Act of 1964 based on her race, religion,

gender, disability, sexual orientation, and marital status.  On

June 3, 2005, she filed a Complaint alleging employment

discrimination in this Court.  At the same time, Plaintiff filed

an Application to Proceed Without Prepayment of Fees and a

Request for Appointment of Counsel.  In an Order dated June 24,

2005, the Court denied Plaintiff's Request for Appointment of

1

Counsel and her Application to Proceed Without Prepayment of Fees.  Defendant Starr Seigle filed an Answer to Plaintiff's Complaint on July 5, 2005.

On February 6, 2006, Defendant filed a Motion for Partial Dismissal and Partial Judgment on the Pleadings and a Motion for Summary Judgment.  Defendant also filed a Concise Statement of Facts in Support of its Motion for Summary Judgment ("Motion for Summary Judgment CSF").  On February 15, 2006, Defendant filed a First Amended Declaration of Barbara Ankersmit, the President of QMark Research and Polling, a division of Starr Seigle, along with eight exhibits.

On May 15, 2006, Plaintiff submitted an Answer/Reply to Defendant's Motion for Summary Judgment and Partial Judgment on the Pleadings ("Opposition").  Attached to the Opposition are Plaintiff's Affidavit regarding her employment experience ("Affidavit 1"), Plaintiff's Affidavit regarding administrative procedures ("Affidavit 2"), and nineteen exhibits.

Defendant filed a Reply to Plaintiff's Opposition on May 19, 2006 ("Reply").  At the same time, Defendant filed an additional Concise Statement of Facts in support of its Reply ("Reply CSF").  Defendant also filed an Errata to its Reply on May 22, 2006.

Plaintiff submitted a letter to the Court on May 25, 2006, requesting a postponement of the Court's rulings on

2

Defendant's Motions for forty-five days so that she may complete discovery.

The parties appeared before the Court on Tuesday, May 30, 2006 to address Defendant's Motions and Plaintiff's request for an extension of time.  At that time, Plaintiff presented a Request for Production of Documents to Defendant and filed her latest request with the Court.

## FACTUAL BACKGROUND[1]

Starr Seigle Communications, Inc. is an integrated marketing communications company with a division known as QMark that conducts customized polling research through telephone interviews.  (Motion for Summary Judgment CSF ¶ 1).  In April 2004, Starr Seigle advertised job openings for Market Research Telephone Interviewers in a local paper.  Kathryn Rutenschroer responded to one of the advertisements and set up an interview on April 26, 2004.  The next day, Kathryn was hired as a part-time, on-call employee upon the completion of the company's orientation.  (Opposition at 1; Motion for Summary Judgment CSF ¶ 6; Motion for Summary Judgment CSF, Ex. 3).  At that time, Plaintiff signed Starr Seigle's Work Schedule Policy, agreeing that she was an at-will employee, who could be terminated at any

---

[1] The facts as recited in this Order are for the purpose of disposing of these motions and are not to be construed as findings of fact that the parties may rely on in future proceedings in this case.

time without reason or prior notice.  (Motion for Summary
Judgment CSF, Ex. 3).

Plaintiff made herself available to work for Starr
Seigle on Mondays, Wednesdays, and Fridays from 1:00 p.m. to 5:00
p.m. and on Saturdays from 9:00 a.m. to 5:00 p.m..  (Motion for
Summary Judgment CSF ¶ 8).  Plaintiff commenced her new job on
April 28, 2004.  Plaintiff worked on her first calling project
through its completion on June 2, 2004.  (Motion for Summary
Judgment CSF ¶ 11).  When Plaintiff arrived for work on June 22,
2004, she was informed that she was not assigned to work then and
that she should call at a later time for future assignments.
(Opposition, Affidavit 1 at 5).

Plaintiff alleges that she returned to Starr Seigle on
two future occasions, where she saw her fellow telephone
interviewers actively employed.  (Opposition, Affidavit 1 at 6-
9).  Plaintiff claims that she also placed numerous phone calls
to Defendant to inquire about available assignments.
(Opposition, Affidavit 1 at 6).  Defendant continued to post
advertisements in local newspapers seeking telephone interviewers
in July 2004.  (Opposition, Ex. 5).  Plaintiff asserts that at no
time, either in person or over the phone, was she offered an
assignment.  Id.  It is Plaintiff's contention that she was
terminated by Starr Seigle.  (Complaint at 2).

On July 27, 2004, Kathryn Rutenschroer filed a Charge

4

of Discrimination with the Equal Employment Opportunity
Commission ("EEOC") and the Hawaii Civil Rights Commission
("HCRC") alleging that she had been discriminated against by her
employer, Starr Seigle, because of her race, sex, disability,
sexual orientation, and marital status. (Opposition, Ex. 6 at
2). In the EEOC complaint, Plaintiff alleged that as a result of
this discrimination Defendant stopped assigning her hours to work
as a telephone research interviewer. Id. On August 5, 2004, the
EEOC transferred Plaintiff's charges to the HCRC. (Opposition,
Ex. 6 at 3). On February 7, 2005, William Hoshijo, the Executive
Director of the HCRC, sent a letter to Plaintiff informing her of
the Commission's decision to close her case finding no cause.
(Opposition, Ex. 12; Motion CSF, Ex. 11). The letter also
notified Plaintiff of her right to sue in state circuit court
within ninety days. Id. On March 4, 2005, the EEOC adopted the
findings of the HCRC and closed its file on her charge.
(Opposition, Ex. 15). The EEOC also informed Plaintiff that she
had the right to sue within ninety days of the receipt of its
notice to close her case. Id. Plaintiff commenced her action
before this Court on June 3, 2005, in which she added an
additional discrimination claim based on her religion.
(Complaint at 3).

## STANDARD

### I.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

A court's subject matter jurisdiction may be challenged under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." See Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court is not "restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  "Once the moving party [converts] the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

"The requirement that the nonmoving party present evidence outside his pleadings in opposition to a motion to dismiss for lack of subject matter jurisdiction is the same as that required under Rule 56(e) that the nonmoving party to a motion for summary judgment must set forth specific facts, beyond

his pleadings, to show that a genuine issue of material fact exists." Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987).  Thus, the moving party "should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Casumpang v. Int'l Longshoremen's & Warehousemen's Union, 269 F.3d 1042, 1060-61 (9th Cir. 2001).

II.  **Motion for Judgment on the Pleadings**

        Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") states, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  If procedural defects are asserted in a Rule 12(c) motion, the district court will apply the same standards for granting the appropriate relief or denying the motion as it would have employed had the motion been brought prior to the defendant's answer under Rules 12(b)(1), 12(b)(6), 12(b)(7), or 12(f).  See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2004).  Thus, "if a party raises an issue as to the court's subject matter jurisdiction on a motion for a judgment on the pleadings, the district judge will treat the motion as if it had been brought under Rule 12(b)(1)." Id.; see also Collins v. Bolton, 287 F. Supp. 393, 396 (N.D. Ill. 1968) ("Since defendant alleges only jurisdictional grounds for dismissal, the proper course is to consider the motion [for

7

judgment on the pleadings] as one to dismiss for lack of subject
matter jurisdiction."); Engleson v. Burlington Northern Railroad
Co., 1988 WL 332944 *2 n.1 (D. Mont. 1988) ("Because the motion
[for judgment on the pleadings] raises only subject matter
jurisdictional issues, the court treats the motion as one
requesting dismissal for lack of subject matter jurisdiction").

When Rule 12(c) is used to raise the defense of failure
to state a claim upon which relief can be granted, the standard
governing the Rule 12(c) motion for judgment on the pleadings is
the same as that governing a Rule 12(b)(6) motion.  See McGlinchy
v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988); Luzon
v. Atlas Ins. Agency, Inc., 284 F. Supp. 2d 1261, 1262 (D. Haw.
2003).  As a result, a motion for judgment on the pleadings for
failure to state a claim may be granted "'only if it is clear
that no relief could be granted under any set of facts that could
be proven consistent with the allegations.'"  McGlinchy, 845 F.2d
at 810 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73
(1984)).  Thus, "[a] judgment on the pleadings is properly
granted when, taking all allegations in the pleading as true, the
moving party is entitled to judgment as a matter of law."  Enron
Oil Trading & Transp. Co. v. Walbrook Ins. Co., 132 F.3d 526, 528
(9th Cir. 1997) (citing McGann v. Ernst & Young, 102 F.3d 390,
392 (9th Cir. 1996)).  "Not only must the court accept all
material allegations in the complaint as true, but the complaint

must be construed, and all doubts resolved, in the light most favorable to the plaintiff." <u>McGlinchy</u>, 845 F.2d at 810.

### III. <u>Motion for Summary Judgment</u>

The purpose of summary judgment is to identify and dispose of factually unsupported claims and defenses. <u>See Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Summary judgment is therefore appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[2] Fed. R. Civ. P. 56(c).

"A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case. A genuine issue of material fact arises if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[3] <u>Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n</u>, 310 F.3d 1188, 1194 (9th Cir. 2002) (quoting <u>Union Sch.</u>

---

[2] Affidavits made on personal knowledge and setting forth facts as would be admissible at trial are evidence that a court may consider when determining whether a material issue of fact exists. Fed. R. Civ. P. 56(e). Legal memoranda and oral argument are not evidence and do not create issues of fact. <u>See British Airways Bd. v. Boeing Co.</u>, 585 F.2d 946, 952 (9th Cir. 1978).

[3] Disputes as to immaterial issues of fact do "not preclude summary judgment." <u>Lynn v. Sheet Metal Workers' Int'l Ass'n</u>, 804 F.2d 1472, 1478 (9th Cir. 1986).

Dist. v. Smith, 15 F.3d 1519, 1523 (9th Cir. 1994)) (internal citations omitted).  Conversely, where the evidence "could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

The moving party has the burden of persuading the court as to the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The moving party may do so with affirmative evidence or by "'showing'--that is pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.  All evidence and reasonable inferences drawn therefrom are considered in the light most favorable to the nonmoving party.  See, e.g., T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987).  So, too, the court's role is not to make credibility assessments.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  Accordingly, if "reasonable minds could differ as to the import of the evidence," summary judgment will be denied.  Id. at 250-51.

Once the moving party satisfies its burden, however, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment.  See Celotex, 477 U.S.

322-23; <u>Matsushita Elec.</u>, 475 U.S. at 586; <u>Cal. Arch. Bldg.</u>

<u>Prods., Inc. v. Franciscan Ceramics, Inc.</u>, 818 F.2d 1466, 1468

(9th Cir. 1987).  Nor will uncorroborated allegations and "self-

serving testimony" create a genuine issue of material fact.

<u>Villiarimo v. Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1061 (9th

Cir. 2002); <u>see also</u> <u>T.W. Elec. Serv.</u>, 809 F.2d at 630.  The

nonmoving party must instead set forth "significant probative

evidence" in support.  <u>T.W. Elec. Serv.</u>, 809 F.2d at 630.

Summary judgment will thus be granted against a party who fails

to demonstrate facts sufficient to establish an element essential

to his case when that party will ultimately bear the burden of

proof at trial.[4]  <u>See</u> <u>Celotex</u>, 477 U.S. at 322.

## IV.  <u>Special Considerations Regarding a Pro Se Litigant</u>

When a plaintiff proceeds pro se, the pleadings must be

read more liberally than pleadings drafted by counsel.  <u>Haines v.</u>

<u>Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Eldridge v. Block</u>, 832 F.2d

---

[4] When the moving party also has the burden of proof in an
element of a claim, it has the "burden of establishing a prima
facie case on the motion for summary judgment."  <u>UA Local 343 of</u>
<u>the United Ass'n of Journeymen v. Nor-Cal Plumbing, Inc.</u>, 48 F.3d
1465, 1471 (9th Cir. 1995).  Upon showing a prima facie case, the
burden of production shifts and it becomes "incumbent on [the
nonmoving party] to 'set forth specific facts showing that there
is a genuine issue for trial,' by evidence cognizable under that
rule."  <u>Id.</u> (quoting Fed. R. Civ. P. 56(e)); Charles Alan Wright
<u>et al.</u>, Federal Practice & Procedure § 2727 (3d ed. 1998).  The
ultimate burden of persuasion as to the non-existence of any
genuine issues of material fact remains on the moving party.
<u>Nissan Fire & Marine Ins. Co. v. Fritz Cos.</u>, 210 F.3d 1099, 1102
(9th Cir. 2000); <u>accord</u> <u>Dye v. United States</u>, 121 F.3d 1399, 1409
(10th Cir. 1997).

1132, 1137 (9th Cir. 1987).  However, "a pro se litigant is not excused from knowing the most basic pleading requirements." American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citations omitted).  Before a district court may dismiss a pro se complaint, the court must provide the pro se litigant with notice of the deficiencies of the complaint and an opportunity to amend the complaint, if the deficiencies can be cured, prior to dismissal.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992); Eldridge, 832 F.2d at 1136.

## DISCUSSION

Defendant makes three requests in its two Motions. First, Defendant seeks to dismiss three of Plaintiff's claims because it contends that the Court does not have subject matter jurisdiction over them.  Defendant believes that Plaintiff's claim that she was terminated, her claim that Defendant failed to promote her, and her claim of religious discrimination must be dismissed pursuant to Rule 12(b)(1).  Second, Defendant seeks partial judgment on the pleadings regarding Plaintiff's marital status and sexual orientation claims pursuant to Rule 12(c).  It is Defendant's contention that such claims are not cognizable under Title VII.  Finally, Defendant moves for summary judgment on Plaintiff's remaining claims arguing that Plaintiff cannot establish a prima facie case of discrimination.  However, before

12

addressing Defendant's Motions, the Court considers Plaintiff's Request for an Extension of Time to Await Discovery Documents.

I.   **Request for Extension of Time to Await Discovery Documents**

Plaintiff requests an extension of time of forty-five days to respond to Defendant's Motions so that she may complete discovery.  The current discovery deadline is July 7, 2006 and the trial is scheduled for August 15, 2006.  Plaintiff's request is similar to a Federal Rule of Civil Procedure 56(f) request to postpone a ruling.  In order to succeed on a 56(f) motion, the party seeking discovery must demonstrate "why discovery is warranted" and "bears the burden of showing what specific facts it hopes to discover that will raise an issue of material fact." See Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 842 (9th Cir. 2002); Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir. 1991).

Plaintiff's letter indicates that she just learned about the "process of discovery," but she believes she will find evidence of "disparate treatment" through the process.  At the May 30, 2006 hearing, Plaintiff presented a Request for Production of Documents to Defendant and the Court.  In this discovery request, Plaintiff seeks, *inter alia*, documents relating to her employment at Starr Seigle, copies of Defendant's policies, procedures, and manuals that relate to discrimination, documents about the characteristics of other employees, and

13

personnel files of Plaintiff's supervisors.  The Court finds that
Plaintiff's request is far-reaching and that some of the
requested documentation is of questionable relevance.  However,
Plaintiff has demonstrated reasonable grounds to indicate that
she may be able to discover evidence that would support a finding
that genuine issues of material fact remain in the case.
Accordingly, the Court will postpone the rulings on Defendant's
Motion for Partial Judgment on the Pleadings and Defendant's
Motion for Summary Judgment at this time.  The Court will not
postpone its ruling on Defendant's Motion for Partial Dismissal,
because the discovery that Plaintiff seeks will not affect that
ruling.

The Court orders Defendant to respond to Plaintiff's
Request for Production of Documents by June 5, 2006.  The Court
concludes that Plaintiff does not need an additional forty-five
days to complete discovery.[5]  Instead, Plaintiff shall file an

---

[5]  The Court notes that Defendant Starr Seigle, in its
Initial Disclosure Statement filed on September 15, 2005,
notified Plaintiff that documents pertaining to her employment
and subsequent lawsuit were available for inspection and copying
upon her request.  Plaintiff made no effort to obtain these
documents until May 30, 2006.  In addition, over three months
passed from the time Defendant's Motions were filed on February
25, 2006 until Plaintiff made her first discovery request.  The
Motions were originally set for hearing on April 3, 2006, but the
hearing date was continued until May 30, 2006.

Amended Complaint[6], a separate Supplemental Opposition to

Defendant's Motions, and a Concise Statement of Facts in Support

of the Supplemental Opposition[7] by June 20, 2006.  Plaintiff is

to hand-deliver a copy of all three documents to Defendant by

June 20, 2006.  The Court grants leave to Defendant to file an

additional reply brief by June 22, 2006.  Finally, the Court will

hold a hearing regarding Defendant's Motion for Partial Judgment

on the Pleadings and Motion for Summary Judgment on June 26, 2006

at 9:30 a.m..

## II.  **Motion for Partial Dismissal**

Plaintiff brought this cause of action alleging

discrimination against Starr Seigle pursuant to Title VII of the

---

[6]  In filing her Amended Complaint, Plaintiff shall comply
with Local Rule 10.3, which states "[a]ny party filing . . . an
amended pleading shall reproduce the entire pleading as amended
and may not incorporate any part of the prior pleading by
reference . . . ."  Plaintiff should also heed the Court's
instructions throughout the Order, which will assist her in
curing the deficiencies in her original Complaint.

[7]  Plaintiff did not file a Concise Statement of Facts in
support of her Opposition to Defendant's Motion to Dismiss.  When
a party chooses to oppose a motion for summary judgment, she is
required to submit a "separate document containing a concise
statement that: (1) accepts the facts set forth in the moving
party's concise statement; or (2) sets forth all material facts
as to which it is contended there exists a genuine issue
necessary to be litigated."  Local Rule 56.1(b).  "[M]aterial
facts set forth in the moving party's concise statement will be
deemed admitted unless controverted by a separate concise
statement of the opposing party."  LR 56.1(g).  Therefore, the
Court orders Plaintiff to submit a Concise Statement of Facts in
Support of her Supplemental Opposition in order to comply with
Local Rule 56.1.

Civil Rights Act of 1964.  42 U.S.C. 2000e-2 (2005).  Under Title

VII, it is unlawful for an employer to discriminate against an

employee "because of such individual's race, color, religion,

sex, or national origin."  42 U.S.C. 2000e-2(a).  Practically, an

employer may not terminate, deprive an employee of opportunities,

or adversely affect the employment status of an individual based

on the above-listed personal characteristics.  Id.

        Defendant claims that Plaintiff did not raise three of

her charges with the EEOC or HCRC, and therefore has failed to

exhaust her administrative remedies.  Specifically, Defendant

argues that Plaintiff did not include the following claims in her

administrative charge: 1) an allegation that she was improperly

terminated; 2) an allegation that Defendant failed to promote

her; and 3) an allegation of religious discrimination.

        A plaintiff must exhaust her administrative remedies in

order to establish federal subject matter jurisdiction over her

Title VII claims.  B.K.B. v. Maui Police Department, 276 F.3d

1091, 1099 (9th Cir. 2002); EEOC v. Farmer Bros. Co., 31 F.3d

891, 899 (9th Cir. 1994).  Claims that are not included in the

EEOC charge "may not be considered by a federal court unless the

new claims are like or reasonably related to the allegations

contained in the EEOC charge." Maui Police, 276 F.3d at 1100

(quoting Green v. Los Angeles County Superintendent of Schools,

883 F.2d 1472, 1475-76 (9th Cir. 1984)(internal citation

omitted)).

> In determining whether a plaintiff has exhausted allegations that she did not specify in her administrative charge, it is appropriate to consider such factors as the alleged basis of the discrimination, dates of the discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred.

Maui Police, 276 F.3d at 1100. Allegations in the EEOC charge are construed liberally as they are typically made by those unfamiliar with formal pleading requirements. Id.

A.  Termination

In Plaintiff's EEOC Charge of Discrimination, filed on July 27, 2004 and refiled on November 3, 2004, she alleges that Starr Seigle assigned her to work twenty hours a week from April 28, 2004 until June 22, 2004. However, Defendant did not schedule her to work any hours at all after June 22, 2004. Plaintiff does not specifically complain that she was terminated in her EEOC charge. However, Plaintiff asserts in her Complaint filed in this Court that she was terminated by Starr Seigle in July 2004. (Complaint at 2). It is Defendant's contention that because Plaintiff failed to specifically allege that she was terminated in either EEOC charge that she is foreclosed from making such a claim in this suit.

A federal court may consider claims brought in a civil action that are reasonably related to charges in the EEOC complaint. Farmer Bros., 31 F.3d at 899; Maui Police, 276 F.3d

17

at 1100; see also Deppe v. United Airlines, 217 F.3d 1262, 1267 (9th Cir. 2000); Gibbs v. Pierce County Law Enforcement Support, 785 F.2d 1396, 1400 (9th Cir. 1986); Serpe v. Four-Phase Systems, Inc., 718 F.2d 935, 937 (9th Cir. 1983); Oubichon v. North American Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973).   In Farmer Bros., the plaintiff originally alleged in her EEOC charge that her employer had discriminated against her because of her gender when it failed to recall and rehire her.   Id.   The appellate court affirmed the district court's conclusion that the plaintiff's EEOC charge was reasonably related to her subsequent civil claim of discriminatory termination.   Id.   The court reasoned that to evaluate the charge of discriminatory failure to recall and rehire, the EEOC must have considered the facts surrounding the plaintiff's layoff.   Id.

Here, Plaintiff originally alleged in her EEOC charge that Defendant failed to assign her to work for discriminatory reasons.   Now, based on the same set of circumstances, Plaintiff states that she was terminated.   The EEOC must have investigated the circumstances surrounding the fact that Plaintiff did not work at Starr Seigle beyond June 22, 2004.   It is reasonable to assume that a termination charge could "grow out of" a claim that Plaintiff no longer received work assignments.   See Serpe, 718 F.2d at 937.   Furthermore, examining the Maui Police factors, Plaintiff's allegations in the EEOC charge and civil complaint

are against the same defendant, based on the same time period, having occurred in the same place, and are based on the same types of discrimination, having only added religious discrimination to the civil claim.  276 F.3d at 1100.

The Court concludes that Plaintiff's claim of discriminatory termination is reasonably related to a claim of discriminatory failure to assign her to work.  Plaintiff properly exhausted her administrative remedy regarding this claim and her discriminatory termination claim is not dismissed for lack of subject matter jurisdiction.

B.   Failure to Promote

For the first time in her civil Complaint, Plaintiff alleges that Defendant failed to promote her. (Complaint at 2). Plaintiff alleges that Defendant's employees, Jo-Ann Nakasone and Charmay Faletogo, informed her that there were opportunities for advancement and salary increases after a three month evaluation period.  (Opposition at 2).  Plaintiff worked at Starr Seigle for approximately two months and at no time did she receive a pay advance or promotion.

As the Court has stated, it construes pro se Plaintiff's Complaint with the utmost liberality, however "there is a limit to such judicial tolerance when principles of notice and fair play are involved." Freeman v. Oakland Unified School District, 291 F.3d 632, 636 (9th Cir. 2002).  The plaintiff in

19

Freeman alleged that his employer subjected him to sex and race
discrimination in his EEOC charge, but did not raise specific
allegations that he received discriminatory teaching assignments,
until he submitted a first amended civil complaint.  Id. at 637.
The Ninth Circuit Court of Appeals determined that general
allegations of discrimination were insufficient to support
specific claims that were "in no way like or reasonably related
to" his original charges.  Id.

        Neither Plaintiff's original nor amended EEOC charges
indicated that Defendant failed to promote her as a result of
discrimination. In fact, other than making the claim in her
Complaint and subsequently explaining in the Opposition that she
was told about the possibility of advancement after three months,
there is no evidence to support this claim at all.[8]  The Court
concludes that Plaintiff's claim that she was not promoted is not
reasonably related to any of the EEOC charges and she has not
exhausted her administrative remedies regarding this charge.  The
Court notes that Plaintiff would not be able to cure this
pleading deficiency by filing an amended complaint.  Accordingly,
the Court dismisses Plaintiff's claim that Defendant failed to
promote her as the Court lacks subject matter jurisdiction over

_____

        [8]  The Court notes that Defendant explained that no other
telephone interviewers were promoted during Plaintiff's tenure.
Also, Plaintiff has not alleged that she was qualified for a
promotion or that she ever applied for a promotion.

20

the claim.

C.   Religious Discrimination

          Plaintiff first raises an allegation of religious
discrimination in this civil claim.  Plaintiff did not charge
Defendant with religious discrimination in either of her EEOC
charges.  Plaintiff makes no mention of religious discrimination
in her Opposition to Defendant's motions or in her affidavits in
support of her Opposition.  A plaintiff must exhaust her
administrative remedies in order for the federal court to have
subject matter jurisdiction over her Title VII employment
discrimination claims.  Maui Police, 276 F.3d at 1099; Farmer
Bros. Co., 31 F.3d at 899; Lowe v. City of Monrovia, 775 F.2d
998, 1003 (9th Cir. 1985) (amended by 784 F.2d 1407 (9th Cir.
1986)); Shah v. Mt. Zion Hospital and Medical Center, 642 F.2d
268, 271-72 (9th Cir. 1981) (dismissing plaintiff's claims of
discrimination based on race, color, and religion as they were
not part of the EEOC complaint).  The Lowe Court concluded that a
plaintiff was barred from alleging sex discrimination in federal
court, having only alleged race discrimination in her EEOC
complaint.  Similarly, Plaintiff alleged race, sex, disability,
marital status, and sexual orientation discrimination in her EEOC
charges, but did not raise a religious discrimination claim.

          Since Plaintiff failed to exhaust her administrative
remedies for the religious discrimination claim, the Court

concludes that it does not have subject matter jurisdiction over such a claim.  The Court also notes that Plaintiff would not be able to remedy this defect in her pleadings if given the opportunity to amend her Complaint.  Accordingly, the Court dismisses Plaintiff's discrimination claim based on her religion.

## III. **Motion for Partial Judgment on the Pleadings**

Defendant moves for partial judgment on the pleadings regarding Plaintiff's marital status and sexual orientation claims pursuant to Rule 12(c) arguing that no material issue of fact remains and that it deserves judgment as a matter of law. The Court will address Plaintiff's claims separately under state and federal law.

A.   Hawaii State Law

It is against public policy to discriminate in employment on the basis of marital status or sexual orientation under Hawaii law.  See H.R.S. § 368-1.  Pursuant to Hawaii Revised Statute § 368-12, the HCRC granted Plaintiff ninety days from the receipt of its February 7, 2006 notice of dismissal to bring a civil suit in state court for alleged violations of state law.  Plaintiff elected not to file such a suit.  Instead, Plaintiff filed suit in this Court in compliance with the ninety day period granted by the EEOC in its March 4, 2005 Dismissal and Notice of Right to Sue letter.  However, due to the somewhat confusing instructions of the EEOC regarding its adoption of the

findings of the HCRC, the Court refrains from ruling as to whether Plaintiff's state law claims are barred at this time.

Having postponed its ruling on whether Plaintiff's state law claims are time-barred, the Court notes that Plaintiff never cited a Hawaii state law provision as the basis for her claims in the original Complaint, nor did she provide sufficient facts in support of her sexual orientation and marital status discrimination claims.  If Plaintiff believes that she has a valid state law claim, the Court encourages her to include the state law basis for her claim along with sufficient supporting facts in her Amended Complaint.

B.   <u>Federal Law</u>

Plaintiff's federal discrimination claims were filed pursuant to Title VII.  Title VII protects suspect classes based on an individual's race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a).  Title VII does not provide protection for an individual based on her sexual orientation or marital status.

1.   <u>Sexual Orientation Discrimination</u>

Plaintiff alleges that a large number of Defendant's employees are homosexual, and she was discriminated against because she was heterosexual.  Plaintiff describes her co-workers and supervisors as lesbian, homosexual, transvestite,

transgender, "butch" and "mahu."[9]  Plaintiff's perceptions of the
sexual orientation of her colleagues and supervisors stand alone
as her evidence of discrimination based on sexual orientation.
At no time does she relate a specific adverse employment action
to the fact that she is heterosexual.  Furthermore, while a
person's gender is a sufficient basis for a discrimination claim
pursuant to Title VII, sexual orientation is not.  Rene v. MGM
Grand Hotel, Inc., 305 F.3d 1061, 1075-76 (9th Cir. 2002) (Hug,
J., dissenting) (citing DeSantis v. Pacific Telephone & Telegraph
Co., 608 F.2d 327, 329-30 (9th Cir. 1979)); Bibby v. Phila. Coca-
Cola Bottling Co., 260 F.3d 257, 261 (3d Cir. 2001), cert.
denied, 534 U.S. 1155 (2002); Simonton v. Runyon, 232 F.3d 33, 35
(2d Cir. 2000); Higgins v. New Balance Athletic Shoe, Inc., 194
F.3d 252, 259 (1st Cir.1999); Williamson v. A.G. Edwards & Sons,
Inc., 876 F.2d 69, 70 (8th Cir.1989), cert. denied, 493 U.S. 1089
(1990).

       2.   Marital Status Discrimination

       Plaintiff also claims that Defendant's employees are
predominantly single, and that she was discriminated against
because she is married.  She alleges that she suffered
discrimination as a result of this status.  Defendant concedes
that Plaintiff's first paycheck was made out in her maiden name

_____

       [9]  "Mahu" is a slang term used in Hawaii for a homosexual
man.

and not her married name.  However, Plaintiff does not allege
that she suffered any adverse impact due to this error and all
subsequent checks were properly issued to Plaintiff in her
married name.  Most detrimental to her claim is the fact that
marital status is not a sufficient basis to bring suit under
Title VII.  <u>Costa v. Desert Palace, Inc.</u>, 268 F.3d 882, 888 (9th
Cir. 2001), <u>aff'd</u> in part, <u>rev'd</u> in part on other grounds 299
F.3d 838 (9th Cir. 2002), <u>aff'd</u> 590 U.S. 90 (2003); <u>Fisher v.
Vassar College</u>, 70 F.3d 1420, 1447 (2d Cir. 1995); <u>Coleman v. B-G
Maintenance Management of Colorado, Inc.</u>, 108 F.3d 1199, 1204
(10th Cir. 1997); <u>Willett v. Emory & Henry College</u>, 569 F.2d 212,
212 (4th Cir. 1978).

In summation, Courts have not recognized a federal
cause of action for employment discrimination based on either
marital status or sexual orientation pursuant to Title VII.
However, the Court reiterates that a pro se plaintiff must be
given the right to amend her complaint if it would be possible to
cure a deficiency in pleading.  <u>Ferdik</u>, 963 F.2d at 1261;
<u>McGuckin v. Smith</u>, 974 F.2d 1050, 1055 (9th Cir. 1992).
Therefore, while the Court has not unearthed a viable basis under
federal law for Plaintiff's claims of discrimination based on her
status as a heterosexual, married person, the Court
will not grant Defendant's request for partial judgment on the
pleadings at this time.  The Court grants Plaintiff leave to name

a legal basis under federal law, other than Title VII, for these claims in her Amended Complaint.  If Plaintiff can present a viable legal basis, then she must also provide facts to support her claims.

## IV.  <u>Motion for Summary Judgment</u>

Defendant moves for summary judgment on Plaintiff's remaining claims arguing that Plaintiff cannot establish a prima facie case of discrimination.  Plaintiff's remaining viable claims are based on race, sex, and disability discrimination. Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against an employee because of the individual's race or sex.  42 U.S.C. § 2000e-2(a)(1).  The Americans with Disabilities Act ("ADA") makes it unlawful for an employer to discriminate against an individual because of her disability.  42 U.S.C. § 12112(a) (2006).  The Court now addresses Plaintiff's claims under these two statutes in turn.

## A.  <u>Title VII Claims</u>

"A person suffers disparate treatment in his [or her] employment when he or she is singled out and treated less favorably than others similarly situated on account of" race or sex.  <u>Cornwell v. Electra Cent. Credit Union</u>, 439 F.3d 1018, 1028 (9th Cir. 2006) (<u>citing</u> <u>McGinest v. GTE Serv. Corp.</u>, 360 F.3d 1103, 1121(9th Cir. 2004) (internal quotation marks omitted).  To

26

prevail in a disparate treatment claim, a plaintiff must "prove that the employer acted with conscious intent to discriminate." Costa v. Desert Palace, Inc., 299 F.3d 838, 854 (9th Cir. 2002)(citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 805-06 (1973)).  The four required elements of a successful disparate treatment claim are (1) plaintiff belongs to a protected class; (2) plaintiff was qualified for the position; (3) plaintiff was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably.  Chuang v. University of California Davis, Bd. of Trustees, 225 F.3d 1115, 1123 (9th Cir. 2000); Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 n. 6 (1981).  "The burden of establishing a prima facie case of disparate treatment is not onerous."  Id. at 253.

By establishing the prima facie case, the plaintiff creates a presumption of discrimination.  Then, under the McDonnel Douglas burden shifting framework, the burden of production shifts to the defendant to rebut the claim by articulating a legitimate, nondiscriminatory reason for its conduct.  Cornwell, 439 F.3d at 1028; Raytheon Co. v. Hernandez, 540 U.S. 44, 50 n. 3 (2003).  If the defendant produces a non-discriminatory explanation, then the presumption of discrimination is dropped and the plaintiff must satisfy the original burden of persuasion.  Costa, 299 F.3d at 855; Burdine,

27

450 U.S. at 255.

The plaintiff can then satisfy the burden of persuasion in two ways.  Cornwell, 439 F.3d at 1028; Burdine, 450 U.S. at 265.  The plaintiff may make the same showing that she could have made originally, in the absence of the McDonnel Douglas burden shifting, by offering direct or circumstantial evidence "that a discriminatory reason more likely motivated the employer" to engage in disparate treatment.  Cornwell, 439 F.3d at 1028 (citing Burdine, 450 U.S. at 256).  Or, the plaintiff can offer evidence that the "employer's proffered explanation is unworthy of credence."  Burdine, 450 U.S. at 256 (citing McDonnel Douglas, 411 U.S. at 804-05).  If the plaintiff is successful in either case, or genuine issues of material fact remain, then the defendant's motion for summary judgment is denied.

The Ninth Circuit broadly defines the boundaries of what constitutes an adverse employment action.  Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000).  Suspension, demotion, transfer, and issuance of undeserved performance ratings are just a few of the activities that may constitute an adverse employment action.  Id. at 1241, 1242.  Even under the most restrictive tests, termination is clearly an adverse employment action.  Id. at 1242.

"[I]ndividuals are similarly situated when they have

28

similar jobs and display similar conduct." Josephs v. Pacific
Bell, 432 F.3d 1006, 1017 (9th Cir. 2005) (quoting Vasquez v.
County of Los Angeles, 349 F.3d 634, 641 (9th Cir. 2003)).  For
the purpose of this analysis, Plaintiff must prove that employees
with a similar work schedule that were not black and/or not
female received better treatment.  See Leong v. Potter, 347 F.3d
1117, 1124 (9th Cir. 2003) (holding that a plaintiff could not
prove discrimination by comparing himself to other employees that
were not similarly situated).

Federal courts have allowed pro se plaintiffs to file
amended complaints or supplemental oppositions in response to
motions for summary judgment.  Hutchinson v. United States, 677
F.2d 1322, 1327 (9th Cir. 1982) (acknowledging that the district
court granted leave to a pro se plaintiff to amend a complaint
while a summary judgment motion was pending); James v. United
States Department of Interior, 1988 WL 75456 at *2 (D.D.C. 1988)
(granting a pro se plaintiff leave to file an amended complaint
in response to a motion to dismiss and advising the plaintiff to
submit a supplemental opposition to the defendant's motion for
summary judgment); Tunnel v. Office of the Public Defender, 583
F. Supp. 762, 768 (E.D. Pa. 1984) (reading a pro se plaintiff's
complaint liberally, the court denied the defendant's motion for
summary judgment, but advised the plaintiff to submit an amended
complaint alleging facts that supported the underlying claims);

29

White v. Booker, 598 F. Supp. 984, 985 (D. Va. 1984) (permitting a pro se plaintiff to file an amended complaint after the defendant filed a motion for summary judgment).

The Court notes that Plaintiff should have been aware of the necessary elements for a successful Title VII discrimination claim, because Defendant listed those elements in its Motion for Summary Judgment. (Motion for Summary Judgment at 15). While Plaintiff has not presented evidence to support all of the elements of a prima facie case for discrimination under Title VII, her allegations do support her claims that she was treated unfavorably. Since the Court must construe Plaintiff's Complaint with the utmost liberality, the Court will allow Plaintiff to provide additional facts to show that she was treated differently than similarly situated employees and that Defendant's explanation for not assigning her to work is not credible. Plaintiff should provide these facts in her Supplemental Opposition.

B.  ADA Claim

Plaintiff listed disability discrimination in her original EEOC charge and repeats the claim in her civil Complaint. However, disability discrimination claims should be brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12112(a), not Title VII. Plaintiff makes no mention of the ADA in her Complaint, but the Court will construe Plaintiff's

30

disability discrimination claim as a charge brought under the
ADA.  Defendant already addresses Plaintiff's claim of disability
discrimination pursuant to the ADA in its Motion for Summary
Judgment, and even outlines the required elements of a valid ADA
claim.  (Motion for Summary Judgment at 17).  In addition, the
EEOC Notice of Dismissal and Right to Sue letter granted
Plaintiff leave to file suit under the ADA.  (Opposition, Ex.
15).

    The Court reiterates, and cautions pro se Plaintiff
that to establish a prima facie case under the ADA, Plaintiff
must show that "(1) she is a disabled person within the meaning
of the ADA; (2) she is a qualified individual, meaning she can
perform the essential functions of her job; and (3) Defendant
terminated her, failed to assign her to work, or failed to
reasonably accommodate her because of her disability.  Nunes v.
Wal-Mart Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999)
(citing Kennedy v. Applause, 90 F.3d 1477, 1481 (9th Cir. 1996)).

    For the purposes of the ADA, an individual with a
disability is defined as "any person who (i) has a physical or
mental impairment which substantially limits one or more of such
person's major life activities; (ii) has a record of such
impairment; or (iii) is regarded as having such impairment.  29
U.S.C. § 705(20)(B).  While Plaintiff repeatedly mentions that
she is disabled, she does not clearly indicate the nature of her

disability.  Plaintiff mentions that she walks with a cane, and states that she attends physical therapy.  (Opposition at 1; Opposition, Affidavit 1 at 9).  Plaintiff submitted a copy of a "Person With A Disability Parking Placard" issued in her name for a four-year period.  (Opposition, Ex. 8 at 2).  In the May 30, 2006 hearing, Plaintiff also described previous injuries to her ligaments and back.  The Court urges Plaintiff to include specific facts that support her claim that she is a person with a disability in her Amended Complaint.

Plaintiff has also failed to show that she suffered an adverse employment action as a result of her disability at this time.  Plaintiff's sole complaint regarding her disability is that her co-workers frequently blocked access to the handicapped bathroom facilities.  (Opposition, Affidavit 1 at 7).  Yet, she concedes that she never requested a reasonable accommodation to cure this problem.  In addition, Defendant claims that it never knew of her disability, and that it was not the practice of the company to ask about personal issues such as sexual orientation, religion, or disabled status.  If it is Plaintiff's contention that she was terminated or not assigned work because of her disability, then she must allege facts to support that claim in her Amended Complaint.  Plaintiff should also address Defendant's claims that it had no knowledge of her disability in her Supplemental Opposition.

At this time, Plaintiff has not provided sufficient evidence to prove that she is a disabled person within the meaning of the ADA, that Defendant failed to reasonably accommodate her, or that Defendant made an adverse employment decision regarding Plaintiff due to her disability.  Despite Defendant's notice to her of the required elements to satisfy her disability discrimination claim under the ADA, the Court grants pro se Plaintiff an opportunity to provide additional facts that might sustain her claim.  If Plaintiff does not allege facts to support a claim under the ADA, then the Court will grant summary judgment for Defendant.

<u>**CONCLUSION**</u>

The Court GRANTS in part Defendant's Motion for Partial Dismissal as it relates to Plaintiff's claim that Defendant failed to promote her and that Defendant discriminated against her because of her religion.  The Court DENIES in part Defendant's Motion for Partial Dismissal regarding Plaintiff's claim that she was improperly terminated.

The Court GRANTS Plaintiff's Request for an Extension of Time and postpones the ruling on Defendant's Motion for Partial Judgment on the Pleadings and Defendant's Motion for Summary Judgment so that Plaintiff may complete discovery.  The Court orders Defendant to respond to Plaintiff's Request for

Production of Documents by June 5, 2006.

Plaintiff shall file an Amended Complaint, a separate Supplemental Opposition to Defendant's Motions, and a Concise Statement of Facts in Support of the Supplemental Opposition by June 20, 2006.  Plaintiff is to hand-deliver a copy of all three documents to Defendant by June 20, 2006.  The Court grants leave to Defendant to file an additional reply brief by June 22, 2006. Finally, the Court will hold a hearing regarding Defendant's Motion for Partial Judgment on the Pleadings and Motion for Summary Judgment on June 26, 2006 at 9:30 a.m..

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 31, 2006.



_____
Alan C. Kay
Sr. United States District Judge

RUTENSCHROER V. STARR SEIGLE COMMUNICATIONS, INC. DBA QMARK, CIV. NO. 05-00364 ACK/BMK, ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL DISMISSAL AND POSTPONING THE RULINGS ON DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.